IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL LENOROWITZ, individually and of behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MOSQUITO SQUAD FRANCHISING, LLC, MOSQUITO SQUAD OF FAIRFIELD AND WESTCHESTER COUNTY, and JOHN DOES 1-25<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Samuel Lenorowitz (referred to individually as "Lenorowitz" or "Plaintiff") bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Mosquito Squad Franchising, LLC ("MSF"), Mosquito Squad of Fairfield and Westchester Country ("MSFW") and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephone and/or landlines, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private

homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

5. The Federal Communication Commission ("FCC") has made rulings regarding the TCPA's vicarious liability standards as it relates to telemarketing. As early as 1995, the FCC stated that "[c]alls placed by an agent of the telemarketer are treated as if the telemarketer itself paced the call." See *In re Rules and Regulations Implementing the TCPA of 1991*, 10 FCC Rcd. 12391, 12397 ("The 1995 Ruling.")

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

8. Plaintiff Lenorowitz is, and at all times mentioned herein was, an individual and citizen of Pomona, New York.

9. MSF is and was at all relevant times a business entity duly formed under the laws of the State of Virginia with a place of business located at 2924 Emerywood Parkway, Suite 101, Richmond, Virginia 23294 and a registered agent at CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

10. Defendant MSF is and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153(39).

11. MSFW is a business with a business located at 15 South St., Unit 4A, Norwalk, CT 06854 in Norwalk, Connecticut 06854.

12. Defendant MSFW is and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153(39).

13. Upon information and belief, MSW and MSFW maintain a contractual and financial relationship with each other. They share the same website, same marketing tools, and same logos, among other things.

## FACTUAL ALLEGATIONS

14. Sometime prior to May 1, 2019, Plaintiff was assigned, and became the owner of a cellular telephone number of 347-764-7720 from a wireless provider.

15. On or about May of 2019, Plaintiff received a telephone call on his cellular telephone number from 877-337-4415.

16. Upon information and belief, the telephone number 877-337-4415 belongs to the Defendants.

17. When calling the telephone number 877-337-4415, a computerized voice answers stating "Thank you for calling Mosquito Squad."

18. The Defendant left a pre-recorded message with the hopes of soliciting business from the Plaintiff, on Plaintiff's telephone voicemail system.

19. The message was similar to:

"Hi this is Maria with Mosquito Sqaud. We sent you an email last week with details about our two supplemental tick control options, and I wanted to see if you had any questions. While tick tubes and granary treatments can be added to your current back pack service, tick tubes eliminate the nymph-stage tick underground and granular products increase the elimination rate of adult ticks above ground. Please call me back if you would like to discuss how we can go above and beyond to control ticks on your property. My number is 877-337-4415. Thank you and have a great day."

20. The message was followed by a three second pause and lasted forty seconds.

21. Upon information and belief, this pre-recorded message or a similar one was sent to hundreds or thousands of consumers within the United States over the last four years, without their prior express consent.

22. Upon information and belief, and based off of above, the Defendants used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), which is prohibited by 47 U.S.C. § 227(b)(1)(A).

23. Plaintiffs did not provide prior express written consent to receive telephone calls from Defendant using an artificial or prerecorded voice, as required by 47 U.S.C. § 227(b)(1)(A).

24. Under the Federal Communication Commission's amended regulation which took place on October 16, 2013, telemarketers must obtain prior express written consent of the called party to autodial or leave prerecorded telemarketing calls to a wireless number and to leave prerecorded calls to residential landlines.

25. Defendant is and was aware that it was and is placing unsolicited robocalls and pre-recorded messages to Plaintiff and other consumers without their prior written express consent.

26. These telephone calls by Defendants or its agents were therefore in violation of 47 U.S.C. § 227(b)(1).

27. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243 §§2(10-13)(Dec. 20, 1991) *codified at* 47 U.S.C. § 227.

28. Defendant's action harmed Plaintiff by causing the very harm that Congress sought to prevent – a "nuisance and invasion of privacy."

29. Defendant's action harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interest in Plaintiff's cellular telephone.

30. Defendant's action harmed Plaintiff by intruding upon Plaintiff's seclusion.

31. Defendant's action harmed Plaintiff by causing Plaintiff aggravation and annoyance.

32. Defendant's action harmed Plaintiff by wasting the Plaintiff's time.

33. Defendant's action harmed Plaintiff in the loss of use of his phone during the time that his phone was occupied by incoming calls.

34. Defendant's action harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

## CLASS ACTION ALLEGATIONS

35. Plaintiffs bring this action individually and on behalf of all others similarly situated ("the Class").

36. Plaintiffs represent, and are members of, the Class, consisting of:

> All persons within the United States who (1) received any telephone call; (2) promoting Defendants' services (3) that featured an artificial or pre-recorded voice; and (4) for which the caller had no record of prior written express consent to make such call to the telephone number that received it.

37. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

38. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and the Class members via their cellular telephones thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

39. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

40. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agent's records.

41. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1. Whether, since October 16, 2013, Defendants made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a telephone service;

2. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

3. Whether Defendants should be enjoined from engaging in such conduct in the future.

42. As persons who received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interest antagonistic to any member of the Class.

43. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few if any Class members could afford to seek legal redress for the wrongs complained of herein.

44. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an

individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

49. As a result of Defendants negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

50. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

51. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a. On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the First Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on behalf of themselves and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Date: December 24, 2020

**MARCUS & ZELMAN, LLC**

*/s/ Yitzchak Zelman*
Yitzchak Zelman, Esq.
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
YZelman@MarcusZelman.com

*Attorneys for Plaintiff,
Individually and on Behalf of All Others
Similarly Situated*