# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL LENOROWITZ,<br>Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MOSQUITO SQUAD FRANCHISING, LLC; MOSQUITO SQUAD OF FAIRFIELD AND WESTCHESTER COUNTY; and JOHN DOES 1-25,<br><br>    Defendants. | Case No.: 3:20-cv-01922-OAW<br><br>Hon. Judge Omar A. Williams<br><br>**CLASS ACTION** |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT

Plaintiff Samuel Lenorowitz ("Plaintiff"), individually, and as representative of the class of persons defined below in Paragraph 3(a) ("Settlement Class"), requests that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Settlement Agreement") with Defendant Mosquito Squad of Fairfield and Westchester County a/k/a Luthy Equities, LLC ("Defendants" or "Mosquito Squad") attached hereto as Exhibit A; (ii) certifies for settlement purposes the Settlement Class as defined in Section I, Paragraph II of the Agreement; (iii) appoints Ari Marcus and Yitzchak Zelman of Marcus & Zelman LLC as Class Counsel; (iv) appoints Plaintiff as representative of the Settlement Class; (v) sets dates for Settlement Class members to opt-out of, or object to, the Agreement; (vi) schedules a hearing for final approval of the Agreement; (vii) approves the notices to Settlement Class members and accompanying claim

forms in the form of <u>Exhibits 1, 2, 3 and 5</u> to <u>Exhibit A</u>; and, (viii) finds that the proposed notice satisfies the requirements of due process. A copy of the proposed preliminary approval order is attached as <u>Exhibit 6</u> to <u>Exhibit A</u>.

## I.   **NATURE OF THE LITIGATION**

Plaintiff filed a class action Complaint on December 24, 2020 (ECF No. 1). In Plaintiff's Complaint, Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA"), by sending pre-recorded voice messages to the class members without first obtaining their prior, express written consent, in order to market Defendant's tick control services.

The Parties proceeded to conduct extensive written discovery, third party discovery (including a Motion to Compel that crucial third-party discovery, filed in the District of Massachusetts) and several depositions. On March 30, 2021, Defendant filed its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 28). On April 20, 2020, Plaintiff filed his opposition (ECF No. 31). On June 17, 2021, the Court held oral arguments on Defendant's Motion and ruled in court in favor of Plaintiff, denying Defendant's Motion (*See* ECF No. 45). On July 7, 2021, Defendant filed its Answer (ECF No. 46).

On January 17, 2022, Plaintiff filed his Motion to Certify Class (ECF No. 56). Defendant filed its opposition on February 7, 2022 (ECF No. 59). While this motion was pending, on February 17, 2022, both parties filed their Motions for Summary Judgment (ECF No. 64, 66). Plaintiff filed his opposition to the Motion for Summary Judgment on March 4, 2022 (ECF No. 69). After those Motions were all fully briefed, on July 26, 2022, the Court held oral arguments on both Plaintiff's Motion to Certify the Class and the parties' dueling Motions for Summary Judgment, taking the respective motions under advisement (*See* ECF No. 78).

On August 2, 2022, Defendant filed a motion requesting leave to file supplemental briefing on Article III standing as relevant to the pending motion for certification (ECF No. 79). The Court granted Defendant's request on August 3, 2022 (ECF No. 81). Defendant filed its supplemental memorandum on August 10, 2022 (ECF No. 82). On August 17, 2022, Plaintiff filed his supplemental memorandum in opposition (ECF No. 83). On September 21, 2022, the Court granted Plaintiff's Motion for Class Certification and certified the Class (ECF No. 84). Similarly, the Court denied the pending Motions for Summary Judgment without prejudice to renew within 21 days of the completion of class notice (ECF No. 85).

Defendant then filed a request for leave to appeal the Court's Order granting class certification to the United States Court of Appeals for the Second Circuit, which the Plaintiff opposed. Further motion practice was then conducted by each side relating to approval of the Class Notice Form and Procedure (*See* ECF Nos. 88, 89, 90, 91, 92). On February 16, 2023, the United States Court of Appeals for the Second Circuit denied Defendant's request for leave to appeal the Court's order granting Class certification (ECF No. 93). On March 23, 2023, the Court approved the Class Notice Form and Procedure with modification (ECF No. 96).

On May 9, 2023, the Parties filed a Joint Motion to Stay the proceedings so that the Parties could participate in a mediation before the Honorable Judge Andersen (Ret.) (ECF No. 102). The Court granted the Parties' request and a stay was entered on May 10, 2023 (ECF No. 103). On August 17, 2023, the Parties participated in a full day mediation with the Honorable Judge Andersen which resulted in this proposed settlement.

Counsel for the Parties have thoroughly and exhaustively investigated and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through

this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcomes of one or more procedural and substantive appeals. Defendant has at all times denied allegations of wrongdoing and liability asserted in the Action. Based upon counsels' review and analysis, the Parties have entered into the Settlement Agreement.

## II.    NATURE OF SETTLEMENT

1.    The Parties desire to settle and compromise the litigation on the terms and conditions embodied in the Settlement Agreement and agree as follows:

(a)    Settlement Class Certification. The Parties have stipulated to certification, subject to court approval, of the following class for settlement purposes only.

> **All persons within the United States, other than any of Plaintiff's counsel, who received a pre-recorded voice message, on either a cellular phone or a residential landline, from or on behalf of the Defendant, placed via the Mobile Sphere platform, marketing or promoting Defendant's services during the time period of April 1, 2019 to the present**.

2.    During discovery, Plaintiff undertook extensive efforts to determine the number of individuals who received the pre-recorded voice messages at issue and the relevant time frame at issue. Based upon the information uncovered during written discovery and depositions, the Parties agreed to a notice plan that would provide direct notice to the approximately 8,500-9,000 individuals who received the pre-recorded voice messages at issue during the relevant time frame. [Exhibit A, §I, ¶KK].

> (a) Settlement Class Recovery. The proposed Settlement establishes a class settlement – which the Class Administrator, Kroll Settlement Administration, LLC ("Kroll") ("Class Administrator") will distribute among those Settlement Class Members who submit valid claims, and who do not exclude themselves from the Settlement ("Settlement Class Claimants").

4

(b) Each Settlement Class Member who submits a valid claim will be allowed to choose between either a $90.00 Claim Settlement Check or a Pest Treatment Voucher valued at $189.00.

(c) Settlement Class Claimants who choose to receive the $90.00 option will receive a Claim Settlement Check, which will be void one hundred and eighty (180) days from the date it is issued. [Exhibit A, §II(B)(1)].

(d) The Pest Treatment Vouchers will be redeemable in exchange for Defendant's services offered for sale, subject to applicable law. [Exhibit A, §I, ¶PP]. "Pest Treatment Voucher" means a one-time tick treatment, or general pest (e.g., roach, mice, etc.) spraying good for two years from date of issuance for properties in Rockland County and Westchester County, New York and Fairfield County and New Haven County, Connecticut. The Pest Treatment Voucher is fully transferrable to properties located in the above-referenced counties and is in the form of a promotional code provided by way of email by the Administrator, valued at One Hundred and Eighty-Nine Nine Dollars and Zero cents ($189.00), as constituting the Claim Settlement Payment so elected by each Settlement Class Claimant who submits a valid and timely Claim selecting the pest treatment voucher option.

(e) Any cash remaining in the Settlement Fund – after payment of all timely Claims of Claim Settlement Checks, the award of Attorneys' Fees and Expenses, as approved by the Court, the Incentive Awards to the Class Representative(s), as approved by the Court, and the any fees of the Administrator, as approved by the Court – shall revert to Defendant. This includes any Settlement Class Members whose Claim

Settlement Checks have not cleared within one hundred eighty (180) days after issuance. [Exhibit A, §II(B)(1)]. Any Pest Treatment Vouchers chosen by Settlement Class Claimants shall expire two years after issuance. [*Id.*].

(f) Relief to Plaintiff. Plaintiff shall move the Court for an Incentive Award not to exceed $5,000, to be paid out of the Settlement Fund. [Exhibit A, §II(D)(1)].

(g) Attorneys' Fees and Costs. Plaintiff shall move the Court for an award of Attorneys' Fees and Expenses in an amount not to exceed $380,000. Defendant has agreed not to oppose this motion. [Exhibit A, §II(D)(2)].

(h) Settlement Class Notice. Within fourteen (14) days following entry of the Preliminary Approval Order, Defendant will provide to the Administrator the Settlement Class Data, identifying the list of individuals who received the pre-recorded voice messages at issue during the relevant time. The Administrator shall rely on email notice and direct mail to notify persons in the Settlement Class in the form attached hereto as Exhibit 3 and Exhibit 5. Both the Email Notice and the Mail Notice will include a Claim Form which may be mailed back to submit a claim upon the Settlement Fund for a settlement award. Each notice shall refer to a designated toll-free settlement hotline for Settlement Class Members to call with Settlement-related inquiries and answer the questions of Settlement Class Members who call with, or otherwise communicate, such inquiries. The Administrator will send the Email Notices and mail the Mail Notices prior to the Class Notice Date, and will issue two rounds of follow-up Email Notice at seven day intervals. [Exhibit A, §III(B)].

  (i)  <u>CAFA Notice</u>.  Defendant, through coordination with the Administrator, shall be responsible for timely compliance with all CAFA notice requirements. [<u>Exhibit A</u>, §III(B)(8)].

  (j)  <u>Settlement Class Members' Right to Opt Out or Object</u>. Any Settlement Class Member may choose to be excluded from the Agreement by opting out within the time period set by this Court. Any Settlement Class Member who validly opts out of the Settlement Class and Agreement shall not be bound by any prior Court order or the terms of the Agreement. [<u>Exhibit A</u>, §III(D)(1)]. Settlement Class Members may also object to the Agreement and, if they choose to do so, they may also appear and be heard at the fairness hearing. [<u>Exhibit A</u>, §III(E)].

## III. THE PROPOSED CLASS SATISFIES FED. R. CIV. P. 23

During the pendency of the case, Defendant disclosed information relevant to the requirements of Fed. R. Civ. P. 23, including the size of the putative class, which the Parties have relied upon in reaching the Agreement and in bringing this motion. In considering the proposed settlement, the first question for the Court is whether a settlement class may be conditionally certified for settlement purposes. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997) (trial court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23); *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229, 238 (2d Cir. 2012) Before approving a class settlement agreement, a district court must first determine whether the requirements for class certification in Rule 23(a) and (b) have been satisfied.") (internal quotation marks omitted)).

The parties have reached a proposed Agreement on behalf of the Settlement Class defined above. The proposed Agreement meets all of the requirements of Rule 23.

A. **Numerosity**.

To determine the approximate size of the Settlement Class, Plaintiff obtained Defendant's call records, and then cross-verified those records with those obtained via subpoena from Mobile Sphere, LLC – the dialing vendor hired by the Defendant to send out these prerecorded voice messages. Those 9,186 call records were then further explored during the depositions of both the Defendant and during Mobile Sphere's two depositions. Furthermore, and in order to address challenges raised by the Defendant to Plaintiff's Motion for Class Certification, the Plaintiff had those call records analyzed by Anya Verkhovskaya, whose Declaration and analysis of these call records was accepted by the Court at Class Certification. Following further discussions between the parties at their mediation session, the parties determined the approximate size of the Settlement Class to be between 8,500-9,000 individuals.

Regardless of the precise number, the size of the Settlement Class easily satisfies the numerosity requirement of Rule 23(a)(1). The first requirement of Rule 23(a) is that the class members be so numerous that joinder is not practicable. "With respect to the first requirement, numerosity is satisfied if the Proposed Class is 'so numerous that joinder of all members is impracticable.'" *In re Synchrony Fin. Sec. Litig.*, No. 3:18-cv-1818 (VAB), 2023 U.S. Dist. LEXIS 18253, at *8 (D. Conn. Feb. 3, 2023) (citing Fed. R. Civ. P. 23(a)(1)). Generally, "numerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). In the case at bar, the Proposed Class includes members totaling over two hundred times the number found to be presumptively sufficient by the Second Circuit Court of Appeals. It is unworkable for the members of a proposed class that large to be individually joined together in the same proceeding. As a result, the numerosity requirement is satisfied.

B. **Commonality**.

Satisfaction of the commonality requirement under Rule 23(a)(2) requires that Plaintiff demonstrate his claims "depend upon a common contention," the resolution of which "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011). The commonality requirement will be satisfied "where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members." *Johnson v. Nextel Communs. Inc.*, 780 F.3d 128, 131 (2d Cir. 2015); *see also People United for Children, Inc. v. City of N.Y.*, 214 F.R.D. 252, 257 (S.D.N.Y. 2003) ("So long as the class shares at least one question of fact or law, the commonality requirement is met"); *Buffington v. Progressive Advanced Ins. Co.*, 342 F.R.D. 66, 69 (S.D.N.Y. 2022) ("Commonality is satisfied where a single issue of law or fact is common to the class. This test presents a low hurdle").

The primary questions, which focus on the uniform conduct and procedures of the Defendant, are common to the Class. The Settlement Class members have identical legal claims based upon an unsolicited pre-recorded telemarketing voice message sent by Defendant to Plaintiff and each Settlement Class member which was alleged to have been sent in violation of the TCPA. Therefore, commonality is satisfied.

C. **Typicality**.

The "typicality" requirement of Rule 23(a)(3) is satisfied for the same reasons that the "commonality" requirement of Rule 23(a)(2) is met. *Keele v. Wexler*, 149 F.3d 589, 595 (7th Cir. 1998). Typicality is found when "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *Robidoux v. Celani*, 987 F.2d 931, 933 (2d Cir. 1993). "When it is alleged that the same unlawful conduct

was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims". *Id*. Here, Plaintiff's claims share the same common issues of fact and law as those held by the Settlement Class members – namely, Defendant sent an unsolicited pre-recorded telemarketing voice message to the Plaintiff and Settlement Class members which was alleged to have been sent in violation of the TCPA. The Plaintiff as a member of the Settlement Class, has the same interest in resolution of the issues as all other members of the Class and Plaintiff's claims are typical of all members of the Class. Thus, the typicality requirement is satisfied.

### D. Adequacy of Representation.

Plaintiff's counsel is experienced in class action and TCPA litigation. In addition, Plaintiff has no interests which are antagonistic to the Settlement Class members. Therefore, Plaintiff and his counsel satisfy the adequacy of representation requirement embodied in Rule 23(a)(4), as this Court has already found in appointing Plaintiff's counsel as class counsel in this action. *See, Lenorowitz v. Mosquito Squad of Fairfield & Westchester Cnty.*, No. 3:20-CV-01922 (JBA), 2022 WL 4367596, at *6 (D. Conn. Sept. 21, 2022)(" The Court is satisfied that Plaintiff and his counsel will adequately represent the class").

### E. Predominance and Superiority.

In addition to meeting the requirements of Rule 23(a), a money-damages class must satisfy Rule 23(b)(3), namely that (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and, (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed R. Civ. P. 23(b)(3). Both of these requirements are satisfied in the present case. Resolution of the

common issues of fact and law in this case will not only promote the efficient adjudication of these matters, it will dispose of them entirely.

### 1. Common Questions of Law and Fact Predominate Over Individual Ones

Rule 23(b)(3) allows class certification of settlement classes where common questions of law and fact predominate over individual questions and class treatment is superior to individual litigation. When assessing predominance and superiority, the court may consider that the class will be certified for settlement purposes only, and need not consider whether the case would be manageable if actually brought to trial. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1998); *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229, 239 (2d Cir. 2012). Predominance also does not require that claims be identical. *See Pub. Emples. Ret. Sys. of Miss. v. Merrill Lynch & Co.*, 277 F.R.D. 97, 111 (S.D.N.Y. 2011) (stating that "predominance does not require a plaintiff to show that there are no individual issues"). Predominance exists where the efficiencies gained by the class resolution outweigh the individual issues. *Moore v. PaineWebber, Inc.*, 96 Civ. 6820 (JFK), 97 Civ. 4757 (JFK), 2001 U.S. Dist. LEXIS 2325, at *8-9 (S.D.N.Y. Mar. 5, 2001) (citing *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450, 511 (D.N.J. 1997). Here, each member possesses a claim based on the receipt of an unsolicited pre-recorded telemarketing voice message sent to them by the Defendant. Plaintiff alleges on behalf of the Class that the sending of those unsolicited telemarketing pre-recorded voice messages is the primary common issue for all members of the Settlement Class.

### 2. A Class Action is the Superior Method for Resolving the Class Claims

As to superiority, class settlement is the most efficient means of adjudicating the disputes raised here. Aggregating these pre-recorded voice message TCPA claims will eliminate the potential for "repetitious litigation" and "inconsistent adjudications," which could

11

result if the claims were brought separately. *In re Graña Y Montero S.A.A. Sec. Litig.,* No. 17-CV-01105 (LDH) (ST), 2021 U.S. Dist. LEXIS 153192, at *26 (E.D.N.Y. Aug. 13, 2021). Separately litigating the common issues that bind the Settlement Class would be a practical impossibility, even assuming all consumers had notice of their claims and it were economically feasible to pursue these claims on their own. Where the alternative to a class action is likely to be no action at all for most of the class members, there is strong presumption in favor of a finding of superiority. *Cavin v. Home Loan Ct., Inc.* 236, F.R.D. 387, 396 (N.D. Ill. 2006).

## IV. PRELIMINARY APPROVAL SHOULD BE GRANTED

When a proposed class-wide settlement is reached, it must be submitted to the Court for approval. H. Newberg & A. Conte, Newberg On Class Actions § 11.41 (4th ed. 2009). Preliminary approval is the first of essentially three steps that comprise the approval procedure for settlement of a class action. The second step is the dissemination of notice of the settlement to all class members. The third step is a settlement approval or final fairness hearing. *See* Manual For Complex Litigation 4th, § 21.63 (2004), available at http://www.fjc.gov ("Manual").

The question presented on a motion for preliminary approval of a proposed class action settlement is whether the proposed settlement appears fair and reasonable. Manual at § 21.62. The approval of a proposed settlement of a class action is a matter within the broad discretion of the trial court. Of course, settlements of class actions are favored in the law. *See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context"). Preliminary approval "'is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale

hearing as to its fairness'". *Zink v. First Niagara Bank, N.A.*, 155 F. Supp. 3d 297, 308 (W.D.N.Y. 2015) (internal citation omitted).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires an evaluation by the attorneys for the parties based upon a comparison of "the terms of the compromise with the likely rewards of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982). Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight "because they are closest to the facts and risks associated with the litigation." *See Fleisher v. Phx. Life Ins. Co.*, Civil Action No. 11-cv-8405 (CM), 2015 U.S. Dist. LEXIS 121574, at *20 (S.D.N.Y. Sep. 9, 2015)

In addition to being substantively reasonable in relation to the risks and likely rewards of litigation, the proposed settlement must be the result of good faith, arms-length negotiations. *In re Paine Webber Ltd. P'ships Litig*, 171 F.R.D. 104, 125 (S.D.N.Y. 1997), *aff'd*, 117 F.3d 721 (2d Cir. 1997) ("So long as the integrity of the arm's length negotiation process is preserved . . . a strong initial presumption of fairness attaches to the proposed settlement"). In evaluating this requirement, a proposed class action settlement "should therefore be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Zink*, 155 F. Supp. 3d at 302. A finding that these factors are present establishes an initial presumption of fairness. Here, the proposed settlement meets these standards.

The expected recovery for the class distinctively exceeds many other approved TCPA class settlements. *Cf. Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) (settlement amount favored final approval, where claims rate resulted in *pro rata* payment of approximately

13

$13.75 per class member); *Manouchehri v. Styles for Less, Inc.*, No. 14cv2521 NLS, 2016 U.S. Dist. LEXIS 80038, at *4 (S.D. Cal. June 20, 2016) (preliminarily approving settlement where class members could choose to receive either a $10 cash award or a $15 voucher); *Spillman v. RPM Pizza, LLC*, 2013 U.S. Dist. LEXIS 72947, at *2, *9 (M.D. La. May 23, 2013) (final approval for up to $15 for each claimant); *Garret, et al. v. Sharps Compliance, Inc.*, No. 1:10-cv-04030, Dkt. No. 65 (N.D. Ill. Feb. 23, 2012) (claimants received between $27.42 and $28.51); *Hashw v. Dep't Stores Nat'l Bank*, 2016 U.S. Dist. LEXIS 61004 (D. Minn. 2016) (finally approving settlement where "each claimant will receive approximately $33.20"); *In re Capital One TCPA Litig.*, 12-cv-10064 (MDL No. 2416) (N.D. Ill. Feb. 12, 2015) (granting final approval were each claimant would be awarded $39.66); *Adams v. AllianceOne Receivables Mgmt., Inc.*, No. 3:08-cv-00248-JAH-WVG, Dkt. No. 137 (S.D. Cal. Sept. 28, 2012) (claimants received $40 each); *Wright v. Nationstar Mortg. LLC*, 2016 U.S. Dist. LEXIS 115729, *28 (N.D. Ill. 2016) (finally approving "$45.00 recovery per claimant"); *Steinfeld v. Discover Fin. Servs.*, 2014 U.S. Dist. LEXIS 44855, at *4, *11-*12 (N.D. Cal. Mar. 31, 2014) ($46.98 to each claimant). Here, each class member who submits a valid claim will receive either $90.00 in the form of the Claim Settlement Check or a Pest Treatment Voucher valued at $189.00, depending upon which option they choose.

Thus, the amount each Settlement Class member shall receive is fair, reasonable, and adequate given the purposes of the TCPA and the risk, expense, and uncertainty of continued litigation. *See Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 945 (D. Minn. 2016) ("Given that victory was by no means certain and even if achieved, victory likely would have been a lengthy and costly affair for class members (as the TCPA includes no fee-shifting provision), in the Court's view an immediate, definite payment of $33.20 is both reasonable and fair.")

14

## V. CONCLUSION

Accordingly, the Plaintiff respectfully requests this Honorable Court grant preliminary approval of the Settlement Agreement and the proposed order attached as Exhibit 6, which provides the following schedule:

| | |
|---|---|
| _____<br><br>[30 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____<br><br>[30 days prior to the Final Approval Hearing] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____<br><br>[30 days before the Final Approval Hearing] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____<br><br>[15 days before the Final Approval Hearing] | Deadline for Parties to file the following:<br>   (1) List of persons who made timely and proper requests for exclusion (under seal);<br>   (2) Proof of Class Notice; and<br>   (3) Motion and memorandum in support of final approval, including responses to any objections.<br>   (4) Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Awards |
| ____<br><br>[No earlier than 135 days from the entry of this Order] | Final Approval Hearing |

Respectfully submitted this 14th day of December, 2023.


/s/ Yitzchak Zelman
Ari H. Marcus, Esq.
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Telephone: (732) 695-3282
Facsimile:   (732) 298-6256
E-Mail: Ari@MarcusZelman.com
E-Mail: yzelman@MarcusZelman.com