**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SAMUEL LENOROWITZ, Individually and on behalf of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>MOSQUITO SQUAD FRANCHISING, LLC; MOSQUITO SQUAD OF FAIRFIELD AND WESTCHESTER COUNTY; and JOHN DOES 1-25.<br><br>*Defendants.* | No. 3:20-cv-1922 (OAW) |

## **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Plaintiff commenced this class action and filed a Complaint (ECF No. 1) alleging that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (TCPA) by spamming consumers with unsolicited messages advertising the defendants' pest control services. The parties initially reached a settlement agreement which the court did not approve, for reasons discussed *infra*. The parties resumed settlement discussions and have submitted a revised settlement agreement (the "Agreement") for preliminary approval. ECF No. 124. For the reasons detailed below, the motion hereby is **GRANTED.**

## **LEGAL STANDARD**

To protect the interests of absent class members, judges are required to scrutinize class-wide settlements. Fed. R. Civ. P. 23(e). The two phases of review involve preliminary approval and final approval. At preliminary approval, the court must

determine whether it "will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 330 F.R.D. 11, 28 (S.D.N.Y. 2019). The court already has certified the class, *see generally* ECF No. 84, and finds that for the same reasons stated therein, the proposed settlement class should be approved. Thus, this order will focus on review of the contents of the approved agreement. In so doing, the court reviews the proposed settlement agreement against the factors articulated in both *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) and Rule 23. *See In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 692 (considering the Advisory Committee Notes to the 2018 amendments to Fed. R. Civ. P. 23(e)(2) together with the *Grinnell* factors); *see also* 4 Newberg and Rubenstein on Class Actions § 13:13 (6th ed.) (noting that the court ought to approve a "proposed settlement [which] appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible [judicial] approval"). Courts of this district have characterized preliminary approval of class action settlement as a determination whether there is "'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness." *Menkes v. Stolt-Nielsen S.A.,* 270 F.R.D. 80, 101 (D. Conn. 2010). This review has both procedural and substantive components. *See Simerlein v. Toyota Motor Corp.,* No. 3:17-CV-1091 (VAB), 2019 WL 1435055, at *13 (D. Conn. Jan. 14, 2019) (citing to 4 Newberg on Class Actions § 13:13).

## DISCUSSION

In summary, the Agreement provides for the payment by Defendant of $765,000.00 into a "Common Fund." From the Common Fund, payments will be made: to the "Administrator," which is identified as Kroll Settlement Administration LLC; to cover costs incurred in execution of the Agreement; to class counsel, for costs and fees that will be determined at a later time; to the named Plaintiff as an incentive award; and to those class members who submit a valid claim (the "Settlement Class Members").

To the latter end, the Agreement provides that the Administrator shall use generally accepted means of verifying contact information for the Settlement Class Members and will provide notice to each Settlement Class Member, to the extent possible, by e-mail (twice), text message (twice), and mail (where e-mail is ineffective) informing them of the settlement and how they may participate. Notice will also include the web address for a website devoted to informing the Settlement Class about the settlement, and there also will be a telephone number to call for more information.

Any Settlement Class Member shall be entitled to opt out of the settlement provided they do so in writing by a specified date. Any Settlement Class Member who does not opt out shall be bound by the terms of the Agreement (whether or not they submit a claim), which includes a comprehensive release of claims against Defendant. The Agreement also establishes a process by which Settlement Class Members can object to the Agreement at a fairness hearing.

Each Settlement Class Member may submit a claim, by mail or by online form, which shall be reviewed by the Administrator to make sure it is valid and that the submitting Settlement Class Member is entitled to compensation under the Agreement.

The Administrator will undertake to identify deficiencies in a claim to the submitting Class Member such that they might submit a corrected claim. The Agreement also provides an appeal process for rejected claims. Each Settlement Class Member with a valid claim will receive a pro rata portion of the Common Fund (less other expenses) up to $3,000. Payments will be paid by check, and each check must be cashed within 180 days of issuance. Any money remaining in the Common Fund after all expenses have been paid, and after the period in which all checks to the Settlement Class Members must have been paid will be contributed to a charitable organization.

The court finds that the Agreement satisfies the procedural requirements of class settlement. *See Menkes*, 270 F.R.D. at 101; *Simerlein*, 2019 WL 1435055, at *13. The court also concludes that the terms of the Agreement represent arms' length negotiations between capable counsel who were experienced and knowledgeable in complex class litigation. Moreover, the court notes that the Agreement was the result of formal mediation administered by JAMS, a reputable and well-regarded arbitration firm. The court declined to approve the parties' previous settlement agreement, finding that

> The combination of reversionary and clear sailing clauses threaten to undercut the deterrent effect of class actions, muddy the relationship between class counsel and the class members they represent by obscuring counsel's fees, open the door to collusive behavior between counsel for both parties, incentivize poor behavior, and take what is rightfully the property of the class.
>
> Furthermore, it is questionable whether providing a voucher "for a one-time tick or general pest spray treatment" is fair and adequate to the class without being tethered to a showing that tick or pest spray treatment is worth $189, or that Defendant does not simultaneously promise not to increase the costs of its services, temporarily or otherwise, such that class members are still responsible for significant sums of money

> payable to the very entities that allegedly violated their substantive rights.

The court finds that the current version of the Agreement addresses all these concerns. It does not include a reversionary clause, but instead provides for the contribution of any settlement funds remaining after satisfaction of costs and fees and payments to qualifying class members to a charitable organization. And it now provides for payment of a pro rata portion of the settlement fund to those class members who opt in. Thus, the instant Agreement gives rise to no reservations that it resulted from collusion.

The court also opined that contacting the class members by cellular phone seemed appropriate and reasonably likely to reach the members where the case arose from inappropriate communications to those cellular telephone numbers. The Agreement addresses that concern as well, and the court finds that the proposed notice and the forms of notice laid out in the Agreement are appropriate.

Second, the substantive element also is satisfied. *See Edwards*, 2018 WL 1582509, at *8 (D. Conn. Mar. 30, 2018) (citing to 4 Newberg on Class Actions § 13:14). The court may consider factors such as the percentage of the class's potential recovery at trial, the likelihood of prevailing, the complexity and costs of trial, and the capacity for the defendant to withstand a larger judgment at the final stage of approval. *See* 4 Newberg on Class Actions § 13:15. The factor most glaringly in favor of preliminary approval is the complexity and cost of trial, with uncertain results. The proposed settlement provides an efficient resolution to the members of the class. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir 2005) (listing the *Grinnell* factors identified in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 454 (2d Cir. 1974)).

Considering these factors, the court finds the terms of be reasonable, such that the Agreement may be submitted to the entire class.

## CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's motion for preliminary approval of class action settlement hereby is **GRANTED**.
    a. The terms of the Agreement are approved preliminarily, such that the class members may be notified of the terms of the agreement, and are incorporated into this order.
    b. Plaintiff's proposed modes of notice and proposed forms of notice are approved, and notice may proceed in accordance with the Agreement. All notice procedures shall be completed on or before **December 31, 2026.** Proof of compliance with all notice requirements shall be filed with the court within 30 days thereafter.
    c. For the reasons previously discussed in the court's order granting class certification, ECF No. 84, the court finds the proposed class satisfies the requirements of the Federal Rules of Procedure, and the settlement class as described in the Agreement hereby is conditionally certified for settlement purposes only.
    d. Plaintiff hereby is appointed to act as the class representative.
    e. Yitzchak Zelman and Ari Marcus of Marcus & Zelman LLC are appointed as class representatives for the purpose of this settlement.

f. Kroll Settlement Administration LLC is appointed as the Administrator for the purpose of performing all Administrator's functions described in the Agreement.

2. The final approval hearing shall be scheduled for **February 26, 2027, at 10 a.m.**, in Courtroom 2 of the United States Courthouse at 450 Main Street in Hartford, Connecticut.

   a. Anyone wishing to be heard at the hearing shall submit written objections at least 30 days before this date.

   b. Any claims must be submitted at least 30 days before this date.

   c. Any requests to opt out of the Settlement Class must be submitted at least 30 days before this date.

   d. No more than fifteen days before this date, the parties shall file, under seal as appropriate, a comprehensive report of claims submitted, objections lodged and responses thereto, and any requests to opt out.

3. Given this ruling, the parties' Motion for Status Conference, ECF No. 129, is denied as moot.

**IT IS SO ORDERED** at Hartford, Connecticut, this 5th day of November, 2026.

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE